## City of Covington v. Summe and Ratermann Company.

(Decided October 13, 1925.)

### Appeal from Kenton Circuit Court.

1. Municipal Corporations—Validity of Ordinance Prohibiting Construction of Buildings for Certain Purposes, Whether Nuisance or Not, Depends on Terms.—Validity of ordinance, prohibiting construction of building to be used for manufacturing or distributing purposes within specified territory, without regard to whether it is a nuisance, depends on its terms, not on whether business conducted may be a nuisance.

2. Constitutional Law—Ordinance Prohibiting Erection of Building for Certain Purposes Within Particular City Block Held Void.—Ordinance prohibiting erection or maintenance of building to be used for manufacturing or distributing purposes within certain city block, held discriminatory and void as denying equal protection of law.

M. J. BROWN and MYERS & HOWARD for appellant.

ROBERT C. SIMMONS for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Summe and Ratermann Company, a corporation, conducts a milk depot on its property located in the block bounded by 20th street, 19th street, Greenup street and Garrard street in the city of Covington. It receives its milk at its plant from producers who use trucks for its delivery, and after it is cooled and bottled sends it out in wagons for distribution. In connection with its business

of selling milk it manufactures butter, cheese and ice. It has a small storeroom fronting on 20th street, and in the rear of this, and in the center of the block, abutting an alley, its present plant is located. To meet the demands of its growing business it is necessary to increase its facilities, and in order to retain the advantage of the good will attached to its present location it purchased a lot 50 by 140 feet located on the northeast corner of 20th and Greenup streets and prepared plans for a new plant costing about $40,000.00. It is claimed that the new building will be up to date, with modern improvements sufficient to lessen, if not to remove, every feature that may offend or be distasteful to others in the neighborhood. The block in question is one of the best residential districts in the city and contains no business houses with the exception of a pharmacy and a grocery or two. At the southeast corner of 20th and Greenup streets is the Emanuel Baptist church, which was erected at a cost of about $85,000.00. About two squares distant is a handsome Methodist church.

Having been petitioned by the owners of the property in the vicinity, and by the officers and members of the two churches, the board of commissioners of the city of Covington enacted the following ordinance:

"COMMISSIONERS' ORDINANCE No. 1553.

"An ordinance prohibiting the erection or maintenance of any building or structure within the territory bounded by 20th street, 19th street, Greenup street and Garrard street, within the city of Covington, Kentucky, which shall be used for manufacturing, storeroom or distributing purposes; also prohibiting the construction or maintenance of any roadway leading to or from 20th street, 19th street, Greenup or Garrard streets, between and within the above described territory, except where same may be in use for such purpose at or prior to the adoption of this ordinance.

"Be it ordained by the board of commissioners of the city of Covington, Ky.:

SECTION 1.
"That it shall be unlawful to erect, construct or maintain any building or other structure which shall be used for manufacturing or distributing purposes

within the territory bounded on the south by 20th street, or on the north by 19th street, on the west by Greenup street and on the east by Garrard avenue, in the city of Covington, Kentucky. .

## SECTION 2.

"That it shall be unlawful to erect, construct or maintain any road or passageway leading to or from Greenup street, 19th street, 20th street and Garrard avenue, and between such points which road or passageway is used or intended to be used in connection with the conduct or maintenance of any manufacturing or distributing plant between said designated points.

## SECTION 3.

"That it shall be unlawful to erect, construct or maintain any building or other structure to be used for store or other business purposes between the points bounded on the north by 19th street, on the south by 20th street, on the east by Garrard street and on the west by Greenup street, in the city of Covington, Kenton county, Kentucky, except at such places within such territory as may at the time of the passage of this ordinance be used for such purpose.

## SECTION 4.

"In the event the court should for any reason declare any one of the sections of this ordinance to be void and of no effect, such decision shall in no way affect the legality or provisions of any of the other sections of this ordinance.

## SECTION 5.

"Any person found guilty before the police court of a violation of any of the provisions of this ordinance, shall be fined in any sum not less than ten ($10.00) dollars nor more than fifty ($50.00) dollars, and the costs of the prosecution, and for each day the violation thereof shall constitute a separate and distinct offense.

## SECTION 6.

"All ordinances or parts of ordinances in conflict herewith are to the extent of such conflict hereby repealed.

SECTION 7.

"This ordinance shall be in effect when passed and recorded according to law."

Following the enactment of the ordinance, Summe and Ratermann Company, claiming that the ordinance was invalid for several reasons, brought this suit to test its validity, and enjoin its enforcement. On the hearing the city introduced evidence to the effect that the nearby residents were awakened early in the morning by the noises made by the rattling of the wagons, the clinking of the milk bottles and the conversation of the drivers. It was also shown that at times there was a loud noise made by the operation of the machinery, and that sometimes the odors from the stable were offensive. Other witnesses testified that smoke and soot issued from the smoke stack, and that the alley was sometimes obstructed by the company's trucks.

Subsection 1, section 3058, Kentucky Statutes, gives to municipal corporations of the second class the following power:

"To prohibit, remove and regulate the erection or maintenance of soap factories, stockyards, slaughter houses, pig pens, cow stables, dairies, coal oil and vitriol factories, and all other factories which the general council may, by ordinance, declare to be nuisances, within prescribed limits of the city, and within two miles thereof."

It is argued on behalf of the city that the ordinance in question may be sustained under the power to prohibit, remove and regulate dairies and all other factories which the general council may, by ordinance, declare to be nuisances. It is unnecessary to determine whether appellee's present business, or that proposed to be carried on at its new site, is a dairy within the meaning of the statute, or how far the general council or board of commissioners may go in declaring factories to be a nuisance. The ordinance does not undertake to declare the construction or maintenance of any building or other structure which shall be used for manufacturing or distributing purposes within the specified territory to be a nuisance. On the contrary, it prohibits the construction or maintenance of any such building without regard to whether it is a nuisance or not. That being true, the validity of the ordinance depends upon its terms and not

upon whether the business as conducted, or as proposed to be conducted, may be a nuisance.

The ordinance does not operate generally upon all, or even a substantial portion, of the residential sections of the city. On the contrary, it is confined in its application to a particular block in a particular residential section of a large city having a broad territory occupied by residences, with the result that the owners or lessees of property in all the other residential districts of the city may construct or maintain thereon buildings or structures which shall be used for manufacturing or distributing purposes while the same right is denied to appellee and other owners and lessees of property in the square in question. Not only so, but it makes it an offense to do in an insignificant portion of the city that which all others similarly situated may do with impunity. That this is a denial of the equal protection of the law, and that the ordinance is, therefore, discriminatory and void, there can be no doubt. Board of Council of Harrodsburg v. Renfro, 22 Ky. Law Rep. 806, 58 S. W. 795, 19 R. C. L. 812.

Judgment affirmed.