GEORGE C. FELTER, Jr., PROSECUTOR, v. THE BOARD OF ZONING ADJUSTMENT OF THE BOROUGH OF GLEN ROCK, RESPONDENT.

Decided March 11, 1936.

For the prosecutor, *Merritt Lane.*

For the respondent, *Mackay & Mackay.*

BODINE, J. (At chambers.) The writ brings up for review the action of the Glen Rock board of adjustment in sustaining the building inspector in refusing to grant prosecutor a permit for the erection of a gasoline service station. The prosecutor's property, which is triangular in shape situate in Glen Rock, is bounded by Maple avenue, Rock road and lands of the Gulf Refining Company and Emil W. Morten. The part of the tract which he desires to devote to service station purposes has a frontage on Maple avenue of approximately one hundred and fifty feet and the nearest point of this tract to the municipal building containing the public library is three hundred and fifty feet away therefrom. Although the tract is situate in the so-called resident zone, it appears that immediately to the west thereof is a gas and service station and also an automobile garage. In the same vicinity is an automobile repair shop known as the Borough Garage; to the west of the gas station is a dwelling and store where groceries, vegetables, delicatessens, wine and liquor are sold. The property which prosecutor owns was once the site of a hotel lately burned. The old hotel was operated for over fifty years and was, when built, in what was then known as the business section of the borough. Many of the residences in the neighborhood are, in part, used for business or professional purposes. Prosecutor purchased the property for $30,000 in 1926. It is utterly unfit for the building of residences because of its peculiar shape.

I can see no basis for including this property within a residence zone, since it is clearly situate in a part of the municipality devoted to business. Since that part of the property which prosecutor desires to devote to a gasoline station is more than two hundred feet from the municipal building in which the library is situate, there is no reason to consider the validity of the ordinance, in so far as it purports to prohibit such use within that radius. The purported limitation upon the use of prosecutor's property is not within

the purview of the statute. *Gabrielson* v. *Glen Ridge,* 13 *N. J. Mis. R.* 142; 176 *Atl. Rep.* 676. The failure to grant prosecutor a permit is violative of his constitutional rights. *Durkin Lumber Co.* v. *Fitzsimmons,* 106 *N. J. L.* 183; 147 *Atl. Rep.* 555.

The withholding of a permit is arbitrary and unjustified.