## Schloemer et al. v. City of Louisville et al.

Oct. 6, 1944.

Henry I. Fox for appellants.

Lawrence S. Poston and Lawrence G. Duncan for appellees.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

Al J. and Louis Schloemer, appellants and plaintiffs below, filed their petition in equity in the Jefferson Circuit Court against the Building Inspector, the Board of Adjustment and Appeals and the Planning and Zoning Commission of the City of Louisville, asking that the Board require the Inspector to grant them a permit to erect a gasoline filling station on a lot they own in a residential zone. The chancellor approved the full and well-considered report of his referee, Hon. William F. Clark, which recommended that the ruling of the Board refusing the permit should be sustained, dismissed the petition and this appeal followed.

In 1926 appellants paid $7500 for a vacant lot near the city limits where Talbott Avenue, Trevilian Way and the Taylorsville Road intersect. The lot is almost triangular in shape, fronting 33 feet on Talbott Avenue, 132 feet on Taylorsville Road, 104 feet on Trevilian Way, and is 114 feet wide in the rear. At the time it was purchased the lot had not been zoned. The Schloemers obtained a permit in 1929 to erect a commercial building thereon, but the national financial crash which started in the fall of that year prevented them from building.

In 1931 the city enacted a zoning ordinance and the lot was put in zone "A", which restricts the use of buildings to one-family residences. The city limits cross Taylorsville Road from south to north just west of its intersection with Talbott Avenue and run east for about a city block with the north side of Taylorsville Road which throws appellants' lot within the city, but places the property opposite it on the south side of the road without the city and it is not affected by the zoning ordinance.

There is a church at the corner of Talbott Avenue and Taylorsville Road which lies in zone "A". All property west of the church on both sides of Taylorsville Road to where it intersects with the Bardstown Road is in "F", a commercial zone, while all property on the

north side of Taylorsville Road east of the church to the city limits (which consists only of plaintiffs' lot, another immediately adjoining it and a part of a third lot) is in "A". In the same block with the church there is a butcher shop, and a cafe where beer is sold, the latter being on the west corner of the block and the church on the east. These two commercial establishments are the only ones within a radius of 600 feet of appellants' property and they were in existence before the zoning ordinance was enacted. Talbott Avenue separates the block wherein are located these commercial establishments and the church from the block wherein appellants' property is situated.

Appellants do not attack the validity of the ordinance in its general aspects, but they complain of its oppressive effect upon them. They insist: first, that when the Zoning Commission placed their property in a residential district and all other property west of it along the Taylorsville Road, except the church, in a commercial zone, it acted arbitrarily and without heed to the public health, morals, safety or general welfare; secondly, that by their property being zoned for residential purposes its value was reduced to a fraction of its real worth, and under section 20 of the zoning ordinance the Board of Adjustment and Appeals should have granted them a variance to relieve the unwarranted hardship and injustice done them.

It is the function of the legislative body of the city to determine whether or not conditions warrant a zoning ordinance, and its determination on the subject will not be disturbed in the absence of a showing that its action was arbitrary or an irrational exercise of power having no substantial relation to the public health, morals, safety or general welfare. Fowler v. Obier, 224 Ky. 742, 7 S. W. 2d 219. The presumption is in favor of the ordinance and the burden is on the property owner attacking it to show its unreasonableness. Should reasonable minds differ as to whether the restriction has a substantial relation to the public health, morals, safety, or general welfare, the ordinance must stand as a valid exercise of the police power. City of Dallas v. Lively, Tex. Civ. App., 161 S. W. 2d 895.

It cannot be denied that appellants' property is several times more valuable for filling station purposes than it is for residential purposes. Also, the proof shows

that it is practicable to build a one-family residence thereon, although it is not a desirable residence lot. The referee's opinion, which had the approval of the chancellor, states "the immediate neighborhood was predominantly residential when they (appellants) bought the lot. Since then it has become entirely residential". The proof supports this finding as the nearest property to it in a commercial zone is in another block and just west of the church. The evidence is to the effect that the erection of the filling station, or any commercial building, on this lot will decrease the value of other residential property in the neighborhood. This decrease in the value of surrounding property would cause the city a loss in taxes and is directly related to the public welfare. Neef v. City of Springfield, 380 Ill. 275, 43 N. E. 2d 947.

Appellants' argument is without merit that the financial loss they will suffer by reason of placing their property in a residential zone works an unwarranted hardship upon them. Almost invariably some property owners suffer financially as a result of zoning ordinances. But the mere fact that a commercial use may be more profitable than a residential use of their property, is not sufficient evidence of an unwarranted hardship on appellants. The Law of Zoning (Metzenbaum) p. 71; Hadachek v. Sebastian, Chief of Police of Los Angeles, 239 U. S. 394, 410, 36 S. Ct. 143, 60 L. Ed. 348, Ann. Cas. 1917B, 927; People ex rel. Werner v. Walsh, 212 App. Div. 635, 209 N. Y. S. 454, affirmed in 240 N. Y. 689, 148 N. E. 760.

Nor is there force in appellants' argument that it is discriminatory to place property within a few feet of their lot in the commercial zone while their property was zoned for residential purposes. The natural sequence of such an argument is that no commercial zone could abut or join a residential zone.

Courts will not disturb the decision of the Board of Adjustment and Appeals as to whether in its sound discretion it will grant a variance unless it appears that its action was arbitrary or unreasonable. Selligman v. Western & Southern Life Ins. Co., 277 Ky. 551, 126 S. W. 2d 419; Selligman v. Von Allmen Bros., 297 Ky. 121, 179 S. W. 2d 207. A public hearing was conducted by the Board at which many citizens and property owners in the neighborhood of appellants' lot protested against it being used for commercial purposes. When the Board

refused to grant a variance, appellants attempted to obtain from the Planning and Zoning Commission a recommendation that their property be rezoned. Upon that application being denied, they sought to have the Board of Aldermen rezone it; and again they were unsuccessful. Therefore, it could not be said with reason that the Board arbitrarily and unreasonably refused to grant appellants a variance.

Appellants appear to put much reliance in the domestic cases of Standard Oil Co. v. City of Bowling Green, 244 Ky. 362, 50 S. W. 2d 960, 86 A. L. R. 648; Darlington v. City of Frankfort, 282 Ky. 778, 140 S. W. 2d 392; City of Covington v. Summe & Ratermann Co., 210 Ky. 520, 276 S. W. 534; and the foreign cases of Arverne Bay Const. Co. v. Thatcher, Commissioner, etc., 278 N. Y. 222, 15 N. E. 2d 587, 117 A. L. R. 1110; Felter v. Board of Zoning etc., 183 A. 684, 14 N. J. Misc. 247; Reschke v. Wennetka, 363 Ill. 478, 2 N. E. 2d 718; and People ex rel. Kirby v. Rockford, 363 Ill. 531, 2 N. E. 2d 842.

In the Bowling Green and Frankfort cases it was held that the commercial use of the property preceded the zoning ordinance, therefore it was not affected thereby.

The Covington case condemned the ordinance because it did not operate "generally upon all, or even a substantial portion, of the residential sections of the city." [210 Ky. 520, 276 S. W. 535] In the Felter case the ordinance prohibited a filling station within 200 feet of the public library, and as it was located 350 feet therefrom, the court did not pass on the validity of the ordinance. However, the Felter opinion recited there was no basis for including the property within the residential zone as it was situated in that part of the city devoted to business.

In the Thatcher case the ordinance so restricted the use of the property as to amount to a confiscation of it, as did the ordinance in the Reschke and Rockford cases.

Thus we see that the authorities mainly relied upon by appellants are not controlling in the case at bar. An examination of the other authorities cited in their brief, which are too numerous to mention, likewise shows they have no application here.

The judgment is affirmed.