# City Of Richlawn et al. v. McMakin et al.

March 14, 1950

As Modified on Denial of Rehearing June 23, 1950.

W. Scott Miller, Judge.

Lawrence G. Duncan and H. Bemis Lawrence, for appellants.

C. Maxwell Brown, for appellee.

JUDGE HELM, Reversing.

The City of Richlawn is a city of the sixth class, located in Jefferson County east of St. Matthews and north of the Shelbyville road—Highway 60. The City of Richlawn, by ordinance, classified the land of Richlawn, including the land of appellees which extends for 1,000 feet along the Shelbyville road and is 150 feet deep, as a one-family residence district.

On February 18, 1949, appellees filed a "petition in equity and statement of appeal," an action to restrain and enjoin the City from enforcing its zoning ordinance classifying appellees' property in an A-1 one-family residence district, to set aside and hold for naught the action of the Planning and Zoning Commission of the City denying appellees' application for a rezoning of their property for commercial uses, to compel the City authorities to readjust their zoning plan to provide a commercial zone classification for appellees' property, and for a binding declaration of rights of the plaintiffs and defendants.

Appellants filed a special and a general demurrer, and an answer denying the allegations of appellees' petition; pleading that the City of Richlawn was formerly an unincorporated area of Jefferson County; that the Louisville and Jefferson County Planning and Zoning Commission, on May 10, 1943, classified that area as an A-1 one-family district; that in January, 1948, the City of Richlawn was duly incorporated; that on or about January 26, 1948, the Zoning and Planning Commission of the City of Richlawn was duly organized; that in February, 1948, its Zoning Commission recommended to the Board of Trustees of Richlawn that the land within the City be retained in an A-1 or B-1 one-family residential classification; that the land owned by appellees was retained in the A-1 one-family zoning district, and that the recommendation of the Commission was duly adopted by the Board of Trustees of the City of Richlawn on March 4, 1948.

Proof was taken. On March 25, 1949, the Chancellor filed an opinion saying:

"The problems here to be considered are: First, would zoning the territory described in the plaintiffs' petition in such a manner so that it might be used in any manner other than residential purposes create a health, moral, or safety hazard, and Second, if using the ter-

ritory described as a commercial center does not create a hazard, then did the Commission, in refusing to change the zoning of said territory, act in an arbitrary and an unreasonable manner? * * *.

"* * * the legislature in creating the various Planning and Zoning Commissions throughout the State in the various classes of cities, did so in the exercise of a police power, and since no health, safety or moral hazard would be raised by the creation of a commercial center at the location described in the plaintiffs' petition, it necessarily follows that the Planning and Zoning Commission of the City of Richlawn were acting in an arbitrary manner in refusing to change the regulations so as to permit a commercial center at the location described."

On April 1, 1949, the court entered judgment as follows: "* * * it is now ordered and adjudged that the tract of the plaintiffs' land, * * * described in the pleadings herein, which was by the Ordinance of the defendant, City of Richlawn, classified as a single family A-1 zone use, be set aside, adjudged void and held for naught; that the action and decision of the Planning and Zoning Commission of the defendant, City of Richlawn, of February 4, 1949, denying the plaintiffs' request to change the zoning and land use of said property to D-1 commercial use, as defined by Zoning regulations, be adjudged void and set aside and held for naught; * * *."

It was also adjudged: "The defendants * * * members composing the Planning and Zoning Commission * * * the City of Richlawn, and its ministerial officers, be restrained and enjoined from enforcing the Ordinance of the City of Richlawn classifying the plaintiff's property as single family residence A-1 use." Appellants appeal from that judgment.

Appellants assign as errors: (1) The special demurrer should have been sustained because there was a defect of parties defendant; (2) appellants' general demurrer to the petition should have been sustained; (3) the court should have refused to consider that part of the suit asking for a declaration of rights: (4) the adoption by the municipality of a zoning ordinance should have been sustained; (5) there was no impairment of an obligation of a contract; and (6) appellees are estopped.

The decisive question in this case is whether the Chancellor has properly held the zoning ordinance of the City of Richlawn and the refusal by its Planning and Zoning Commission to change the classification of the land in question to D-1 commercial to be void. We think not. The legislature, by KRS 100.500 to 100.600, has authorized cities of the sixth class to enact ordinances setting up zoning restrictions. KRS 100.500 provides: "The legislative body of any city of the third, fourth, fifth and sixth class may regulate and restrict the height, number of stories, and size of buildings and other structures, the percentage of lot that may be occupied, the size of yards, courts and other open spaces, the density of population, and the location and use of buildings, structures, and land for trade, industry, residence, or other purposes."

KRS 100.520 provides: "Regulation shall be made in accordance with a comprehensive plan and shall be designed to lessen congestion in the streets; to secure safety from fire, panic, and other dangers; to promote health and the general welfare; to provide adequate light and air; to prevent the overcrowding of land; to avoid undue concentration of population; to facilitate the adequate provision of transportation, water, sewerage, schools, parks, and other public requirements. The regulation shall be made with reasonable consideration of the character of the district and its peculiar suitability for particular uses, and with a view to conserving the value of buildings and encouraging the most appropriate use of land."

Appellees contend that the action of the City of Richlawn was unreasonable and arbitrary and that it impaired vested rights. The contention that the ordinance is unreasonable and arbitrary is twofold. Appellees claim that adoption of only two classifications, A-1 and B-1 residential, is unreasonable, and cite as authority Darlington v. Board of Councilmen of City of Frankfort et al., 282 Ky. 778, 140 S. W. 2d 392, and City of Covington v. Summe and Ratermann Company, 210 Ky. 520, 276 S. W. 534. The ordinances in those cases were held invalid, among other things, because they attempted to place restrictions on only one section of the city and did not operate to zone remaining portions of the city. However that may be, in the present case the Trustees (the legislative body) of Richlawn, in accord-

ance with KRS 100.500, enacted an ordinance providing a comprehensive plan for the City of Richlawn.

The more serious contention of appellees is that the commercial use of their land would not be against public health, comfort, safety, and general morals and welfare. The remaining land of Richlawn has been improved with homes worth from $12,000 to $27,000. No improvements have been placed on appellees' land. It is shown that appellees could sell their land (now bare lots) at a higher price for commercial use than for residential purposes. But the proof also shows that such a commercial development would lessen the value of the homes now owned by the residents of Richlawn probably 20 per cent; would lessen the beauty of the area, create odors, noise, traffic, and other hazards detrimental to the general welfare of the community of Richlawn.

In his opinion the Chancellor says the zoning of this property for D-1 commercial purposes would not create health, moral, or safety hazards. Apart from whether he is correct or not in this assertion, the question here is not whether a hazard is created but whether the zoning ordinance of Richlawn bears a reasonable relation to the public health, comfort, morals, safety, and general welfare of that community. KRS 100.520, quoted above, provides that the regulations, the ordinance in this instance, shall be made with reasonable consideration for the character of the district and its peculiar suitability for particular uses, and with a view to conserve the value of buildings and encourage the most appropriate use of land. Here the evidence shows that practically all of the residents purchased their homes to get away from the noise, confusion, and hazards of a city; that they sought the quiet and safety of a beautiful residential area; that Richlawn is now such a residential area, and that the overwhelming majority of the residents desire to keep it so. Notwithstanding this, the Chancellor has held that the ordinance of the City of Richlawn was unreasonable and arbitrary.

In the case of Schloemer et al v. City of Louisville et al., 298 Ky. 286, 182 S. W. 2d 782, 783, we said: "It is the function of the legislative body of the city to determine whether or not conditions warrant a zoning ordinance, and its determination on the subject will not be disturbed in the absence of a showing that its action

was arbitrary or an irrational exercise of power having no substantial relation to the public health, morals, safety or general welfare. Fowler v. Obier, 224 Ky. 742, 7 S. W. 2d 219. The presumption is in favor of the ordinance and the burden is on the property owner attacking it to show its unreasonableness. Should reasonable minds differ as to whether the restriction has a substantial relation to the public health, morals, safety, or general welfare, the ordinance must stand as a valid exercise of the police power. City of Dallas v. Lively, Tex. Civ. App., 161 S. W. 2d 895.''

But it is further claimed that the zoning ordinance impaired the vested rights of appellees. The vested right claimed by appellees is to use the land in question as commercial property. Appellees refer to a ''deed or declaration of restriction, made * * * by M. L. McMakin, Trustee, and J. H. Wakefield,'' setting out that Wakefield was the owner of the tract involved here and that McMakin, as Trustee, was the owner of the rest of the Richlawn subdivision and ''desires to protect the subdivision by appropriate restrictions as to sale, use and improvement, and to make said subdivision more desirable for residential purposes.'' Then follow numerous use and building restrictions on the lots owned by Mc-Makin, Trustee, concluding with the statement that Wakefield ''does hereby impose upon said tracts of land owned by him aforesaid and makes same subject to the following restrictions.'' Those restrictions are that the property should be ''used for residence and business purposes only,'' limited, however, to certain classes of business generally regarded as appropriate and unobjectionable in a residential community. We are unable to see how that ''declaration of restriction'' can give a right of commercial development to the Wakefield property which could not be further restricted by zoning laws. This is not a case where a commercial use is already in operation, or where any construction has been begun for commercial purposes. The general theory of zoning laws would necessarily fail if courts were to determine that a property owner has a vested right to construct commercial buildings on property subsequently zoned for residences, only because the owner had a plan to make a commercial development permitted under such a declaration of restrictions.

We recognize the law to be that a zoning ordi-

nance may not relieve land from lawful convenants of restrictions of use inter partes contained in deeds embracing a given area, for such ordinance cannot affect or impair the contractual obligation granted by such restriction. Goodwin Bros. v. Combs Lumber Co., 275 Ky. 114, 120 S. W. 2d 1024; Vorenberg v. Bunnell 257 Mass. 399, 153 N. E. 884, 48 A. L. R. 1431; Ludgate v. Somerville, 121 Or. 643, 256 P. 1043, 54 A. L. R. 837; Magnolia Petroleum Co. v. Drauver, 183 Okl. 579, 83 P. 2d 840, 119 A. L. R. 1112. But if the zoning ordinance is less stringent its provisions do not diminish the legal effect of private building restrictions. Strouss v. Ginzberg, 218 Minn. 57, 15 N. W. 2d 130, 155 A. L. R. 1000. However, this law may not be applied in the instant case for two reasons.

In the ''Deed or Declaration of Restrictions'' above referred to, Wakefield, the appellee herein, who was then the owner of the strip of land involved, merely declared that his property should be used for residences and certain classes of business only. By this provision he neither granted nor received anything. He simply made a promise as to what he would not do with his land in the future, and perhaps bound himself and his successors to McMakin and his successor in title. We do not believe there has been any impairment of the vested rights of the appellees by the subsequent zoning of the property for residential purposes only. 58 Am. Jur., Zoning, sections 148, 149.

The judgment is reversed with directions to enter a judgment in conformity with this opinion.