**BYRN et al. v. BEECHWOOD VILLAGE et al.**

Court of Appeals of Kentucky.
Dec. 12, 1952.

Lawrence G. Duncan and Lewis D. Jones, Louisville, for appellants.

W. A. Armstrong, Chas. B. Zirkle, Albert F. Reutlinger and C. Maxwell Brown, Louisville, for appellees.

CULLEN, Commissioner.

Twenty property owners in Beechwood Village (a sixth-class city in Jefferson County), suing for themselves and purportedly on behalf of 119 other property owners in the village, sought to enjoin the use of a certain strip of land in the village for apartment house purposes, and to have declared invalid an amendment to the comprehensive zoning ordinance of the village, which amendment had changed the strip of land from a single-family residence classification to an apartment house classification. The board of trustees of the village, the planning and zoning commission of the village, the owners of the strip of land in question, and certain persons proposing to build apartments on the land, were made defendants. After hearing evidence on behalf of the plaintiffs, the court dismissed the petition. The plaintiffs have appealed.

Beechwood Village lies a short distance east of the City of Louisville, on the north side of U. S. Highway 60, which is a heavily traveled four-lane highway. The village is substantially rectangular in shape, and its south side, 1900 feet in length, abuts on U. S. 60. The strip of land in question is approximately 220 feet wide, running along the entire south side of the village, along the highway. The village embraces 180 acres of land, and the strip in question consists of around nine acres. The strip is separated by a roadway from the balance of the village.

In 1943, before the village was incorporated, the Louisville and Jefferson County Planning and Zoning Commission, in adopting its comprehensive zoning plan for Louisville and the unincorporated areas of Jefferson County, zoned the territory now constituting the village as a single-family residence zone. Thereafter the area developed as a high class residential area, with houses averaging from $20,000 to $25,000 in cost. In 1950 the village was incorporated as a sixth-class city, and a planning and zoning commission for the village was created. Pursuant to recommendations of the commission, the board of trustees of the village adopted a zoning ordinance placing the entire village in the single-family residence classification. In July 1951, this classification of the entire village was reaffirmed in another zoning ordinance. During the period following the incorporation of the village additional new residences were constructed, of a character similar to those already existing. However, the strip of land involved in this action remained vacant, having been retained in ownership by the original subdividers.

At the village election in November 1951, the question of reclassifying the strip along the south side of the village for apartment house use was a campaign issue, and the candidates favoring such reclassification were elected. Thereafter, in April 1952, by a vote of four to three, the board of trustees amended the zoning ordinance, on recommendation of the planning and zoning commission to reclassify the strip as an apartment house zone. However, detailed restrictions were imposed as to the character, number and position of apartment houses that might be built, and the location of entrance ways and parking areas.

The action seeking to invalidate the amendment to the zoning ordinance was commenced in May 1952. Under the statutes governing zoning in cities of the sixth class, KRS 100.500 to 100.830, there

is no provision for an appeal from the action of the city legislative body in enacting or amending a zoning ordinance, so the only remedy of aggrieved property owners is such as may be available through resort to the extraordinary equitable jurisdiction of the courts. It is well settled that this remedy is available only upon a showing that the action complained of is arbitrary, capricious or illegal. Hatch v. Fiscal Court of Fayette County, Ky., 242 S.W.2d 1018.

The appellants do not contend that the board of trustees acted illegally with respect to the *procedure* followed in amending the zoning ordinance. Their complaint is that the amendment is arbitrary, capricious and illegal in its substance and effect.

The proof offered by the appellants tended to show that the value of the remaining property in the village would be depreciated substantially as a result of the erection of apartments on the rezoned strip; that the occupancy of this strip along the highway by apartments would increase the traffic hazards on U. S. 60; that there might be constructed as many as 118 apartment units, accommodating 354 people, which, according to the opinions of some of the witnesses, would "overcrowd the land," and cause "undue concentration of population;" and that the strip was suitable for single-family dwellings.

The appellants maintain that their proof establishes that ·the amendement to the zoning ordinance violates KRS 100.520, and therefore is void. KRS 100.520 reads as follows:

> "Regulations shall be made in accordance with a comprehensive plan and shall be designed to lessen congestion in the streets; to secure safety from fire, panic, and other dangers; to promote health and the general welfare; to provide adequate light and air; to prevent the overcrowding of land; to avoid undue concentration of population; to facilitate the adequate provision of transportation, water, sewerage, schools, parks, and other public requirements. The regulations shall be made with reasonable consideration of the character of the district and its peculiar suitability for particular uses, and with a view to conserving the value of buildings and encouraging the most appropriate use of land."

Concentrating on the second sentence of the statute, the appellants argue that the amendment here in question clearly does not give reasonable consideration to the character of the district and its peculiar suitability for particular uses, that it does not conserve the value of buildings and does not encourage the most appropriate use of the land. They further argue that the amendment will result in increasing congestion in the streets, and will cause overcrowding of the land and an undue concentration of population, all contrary to the statute.

■ As we view the case, the question is whether the amendment to the zoning ordinance bears any substantial relation to the objects set forth in the statute; and unless the evidence shows that there is no such relation, we cannot hold the amendment invalid. Schloemer v. City of Louisville, 298 Ky. 286, 182 S.W.2d 782; City of Richlawn v. McMakin, 313 Ky. 265, 230 S.W.2d 902.

In view of the fact that the strip of land in question runs along a heavily traveled highway, and on the opposite side of the highway there are commercial structures, we cannot say that the land is peculiarly suited for single-family residences, or that its use for such residences is the most appropriate use, or that the authorization of apartment houses reflects no consideration of the character of the district. It may be conceded that the construction of apartment houses will reduce the value of existing buildings in the village, but conserving the value of buildings is only one of the many factors which the statute requires to be considered.

■ As far as concerns overcrowding of land and undue concentration of population, there is no contention that the regulations do not conform to acceptable standards for apartment house zones. We believe that the statute, in referring to overcrowding of land and undue concentration of population, has in mind the percentage

of lot area that may be occupied by a structure, and the number of persons who may reside in a small area, and is not attempting to say that people must be excluded from residence in a city, rather than permit apartment houses to be constructed for their accommodation. In other words, the statute does not lay down any policy against multiple-unit dwellings in cities.

With respect to traffic congestion, the evidence was only that there would be some slight increase in the traffic problem at the points where the apartment house driveways would open on U. S. 60. There is no complaint that the traffic would be congested on the streets of the village. Whether traffic on U. S. 60 is a problem with which the village authorities must concern themselves, is questionable.

We are not convinced that the amendment to the zoning ordinance has no substantial relation to the objects of the statute. It must be remembered that Beechwood Village is a city, and whether it shall continue always as a purely residential subdivision or whether it shall acquire some of the usual features of a city, such as parks, schools, churches, playgrounds, and a business section, must to a great extent be left to the judgment of the governing authorities of the city. KRS 100.510 recognizes that a city may be divided into districts, and that the regulations in one district may differ from those in another. The residents of Beechwood Village desired the advantages of a city government. They must then expect to suffer some of the disadvantages of life in an urban community.

The appellants maintain that the rule requiring protesting property owners to establish affirmatively and clearly the unreasonableness of a zoning ordinance should not apply to an *amendment* of a zoning ordinance, changing the classification of property. They cite cases, including Polk v. Axton, 306 Ky. 498, 208 S.W.2d 497, in which language is used suggesting that there must be a showing of a substantial change of conditions in order to justify an amendment changing the classification of property. The cases cited are all "spot zoning" cases, in which a single lot or group of lots, in a district or area consisting of properties of the same class or character, was singled out and assigned to a different classification.

■ Where the situation of a piece of property appears to be the same as that of the surrounding or adjoining property, and no facts justifying its special treatment are apparent, an amendment to a zoning ordinance, placing the piece of property in a classification different than that of the surrounding or adjoining property, will on its face appear arbitrary, capricious and unreasonable, and the burden will fall upon the zoning authority to justify its action by showing a change of conditions warranting the change of classification. But where, as in the case before us, the piece of property reclassified is by its situation distinguishable in character from the surrounding or adjoining property, there is no apparent unreasonableness requiring justification by proof of change of conditions. In other words, if the condition of the property itself shows a basis for a different classification, there is no need to justify the change of classification by showing a change of extraneous conditions.

■ We think that the location of this strip of land along the edge of the village, abutting on the main highway, across from a commercial district, furnishes a basis for placing the strip in a different classification than the balance of the village.

The appellants contend that their evidence made out a prima facie case of unreasonableness, such as to require the village authorities to assume the burden of establishing the validity of their action. With this we do not agree.

The judgment is affirmed.