The HAMILTON COMPANY et al., Appellants,

v.

LOUISVILLE & JEFFERSON COUNTY PLANNING AND ZONING COMMISSION et al., Appellees.

Court of Appeals of Kentucky.

Dec. 16, 1955.

As Modified on Denial of Rehearing

March 16, 1956.

Middleton, Seelbach, Wolford, Willis & Cochran, Leo T. Wolford, Eugene B. Cochran, Louisville, for appellants.

Samuel Steinfeld, Bemis Lawrence, James L. Taylor, Louisville, for appellees.

STANLEY, Commissioner.

The Louisville and Jefferson County Planning and Zoning Commission denied an application to change the zoning plan for the unincorporated territory of the county in order to reclassify a certain plot of ground from A-One Residential to D-One Commercial classification. The property is in the St. Matthews area on the north side of U. S. Highway No. 60, commonly called the Shelbyville Road. It has a frontage of 388.9 feet and extends northwardly 500 feet. It is bound on the east by Thierman Lane, a dedicated but unimproved 40 foot street, upon which there are a number of residences. It is bound on the west by a 30 foot unnamed and unoccupied street or road. The present owner, the Hamilton Company, has contracted to sell the property to Sears, Roebuck and Co. for the erection of a retail store with adequate parking facilities. Consummation of the sale seems to be conditioned upon zoning reclassification.

An appeal to the circuit court was prosecuted by the applicants. The city of Richlawn and the members of its Board of Trustees were permitted to intervene and defend the action of the Commission. Citizens who reside on Thierman Lane filed a document styled, "Entry of Appearance and Waiver of Notice", by which they joined in the prayer of the applicants that the action of the Commission be set aside.

After hearing much evidence, the Court filed his "Findings of Fact and Conclu-

sions of Law" and rendered a judgment affirming the action of the Commission.

The appellants, Hamilton Company and Sears, Roebuck and Company, vigorously contend that the proceedings of the Commission were irregular and its disposition of their application for zoning was arbitrary and made in disregard of KRS 100.-053, which requires a hearing by the Commission. It appears that upon proper notices, the Commission had a public hearing on October 22, 1953, at which the applicants submitted strong evidence sustaining their application. The residents of Thierman Lane, who lived nearest to the property, appeared in support of it. No one appeared in opposition. A week later, at a closed meeting with its staff, the Commission passed upon the application and denied it.

A hearing by a zoning commission is not a trial although it is quasi judicial. Louisville & Jefferson County Planning & Zoning Commission v. Ogden, 307 Ky. 362, 210 S.W.2d 771. The proceeding affords an opportunity for interested persons to be heard in justification or opposition of a proposed action. Their evidence should be received as aiding the Commission in discharging its duties in a manner consistent with the preservation of the common interests and the general welfare as contemplated by the zoning ordinances. Yokley, Zoning Law and Practice, Sec. 127. The evidence and the rights of the parties affected should be given consideration, but the decision must, in a large measure, rest upon the views of the Commission. In the present case, it appears that the Commission disregarded the evidence it had heard; but since the parties on appeal to the circuit court were in fact given a de novo trial so far as concerns evidence and argument, it would seem that the failure of the Commission to regard the evidence it had heard is not important unless the court in its decision gave consideration and weight to the Commission's decision. Although it is not clear, the court seems to have felt bound by the finding and order of the Commission, for its "Conclusions of Law" were that the Com-

mission had shown by evidence that it had acted "constitutionally and fairly in denying the application" for a change of classification; that it had complied with the statute, and that its decision not to change the classification "bears a reasonable relative [sic] to the promotion of the public health, safety, morals and general welfare." The judgment contains more definite statements to indicate reliance on the Commission's finding.

The requirement of the statute, KRS 100.057(2), that zoning cases in Jefferson County shall be tried by the court de novo, that is, anew as if no decision had been previously made by the Zoning Commission, is novel, and its wisdom may be doubtful, for the Commission has special technical and overall knowledge of the zoning plan and application. But it is the law. Boyd v. Louisville & Jefferson County Planning & Zoning Commission, 313 Ky. 196, 230 S.W.2d 444; Louisville and Jefferson County Planning and Zoning Commission v. Grady, Ky., 273 S.W.2d 563.

It would appear on first impression that this case should be remanded to the circuit court for an independent determination, but, since the entire record is before us and this is a special proceeding to be decided by the court without a jury, we conclude to consider the case as if the trial court had decided it independently. But because of the doubt, we feel the provision of CR 52.01, as to the credence to be given findings of fact by a trial court, is not fully applicable.

Much has been written concerning the law of planning and zoning. As an extension of the exercise of the police power, the interference or regulation by public authority of the use of a citizen's property must be for the superior interest and rights of the public, and the power must be exercised in a reasonable and fair manner for the promotion of the common good of a community as a whole, more particularly, it must bear a substantial relation to the public health, safety, morals or welfare. This is the purpose of the statute KRS 100.031. Standard Oil Co. v. City of

Bowling Green, 244 Ky. 362, 50 S.W.2d 960, 86 A.L.R. 648; Shemwell v. Speck, Ky., 265 S.W.2d 468. The question in each case is whether the action of the Zoning Commission can be sustained upon that fundamental ground.

■ As we understand, the area of which this parcel of land is a part was originally zoned in the master plan adopted in 1943 as residential. Since then the metropolitan area of Jefferson County has greatly increased in population and expanded eastwardly out the Shelbyville Road, as is reflected in the proof and in a number of our opinions dealing with the St. Matthews area. Both in relation to the municipality and to zoning regulations, the question is whether the denial of a change from residential to commercial classification so as to permit the erection and operation of another retail store in the community is justified under the police power as stated above.

As stated, the property involved abuts the north side of Shelbyville Road approximately 390 feet. There is no structure on it except an old, abandoned, dilapidated, dwelling house. The use of the property for carnivals and the community Annual Potato Festival was stopped a few years ago because of its zoning classification, since which time it has been idle and isolated property. On the south side of Shelbyville Road from a point almost, but not directly, across from the property in both directions—between the strictly business section of St. Matthews on the west to Watterson Highway on the east—are commercial buildings of various kinds, several residences which were built some time ago, a church and a Woman's Club house. The north side is almost the same between this lot and the congested business district of St. Matthews to the west. No single-family residences fronting on Shelbyville Road have been erected on either side of the highway between St. Matthews proper and Thierman Lane since the adoption of the master zoning plan. All residences built in the area in the past several years have been on streets paralleling or intersecting Shelbyville Road. Several of them are on corner

lots with the sides of the houses on Shelbyville Road. The intersecting Thierman Lane, which this property borders on the east, is residential and all the owners of those residences favor the reclassification sought. Many qualified witnesses expressed the view of the unsuitability of the lot for residential purposes and of the practical destruction of its value if it should continue to be confined in that classification. There was abundant proof of the desirability of its use for commercial expansion.

The opposition is by the citizens of Richlawn, a sixth class town, whose western limits are some 400 feet east of Thierman Lane. The erection of a church on this intervening lot is contemplated. Richlawn fronts about 1,000 feet on the Shelbyville Road and extends back northwardly about 1,600 feet to a railroad track. The little town is strictly residential. It has no school, church, public building, store or other commercial business. The particular objections these people make to the reclassification of the parcel of land involved are the creation of dust and noise, the added lights and the increase in the hazards of traffic. These things are to be expected in close suburban areas of any city. They are already all around the property. It seems to us that the evidence in respect to the possible injurious effects and conditions of reclassification is unsubstantial. Nor can we believe that the reclassification and the erection of the store with parking facilities will seriously disturb the serenity or depreciate the value of the Richlawn property.

But the appellees say that almost this identical case was decided in their favor in City of Richlawn v. McMakin, 313 Ky. 265, 230 S.W.2d 902. By a zoning ordinance the town had classified its entire area as residential. The suit was to enjoin the town from enforcing the ordinance and to set aside the denial by its zoning commission of an application to rezone a number of vacant lots fronting on the Shelbyville Road south of the dwelling houses. We reversed a judgment which enjoined Richlawn and its officers from enforcing the ordinance and held that it was

not unreasonable or arbitrary; hence, upheld the refusal to change the classification. Restrictions in deeds to the property when it was subdivided were involved, the effect of the ordinance being to make them a little more restrictive.. We do not think the opinion controls here because of differences in the situation and relative location of the involved property. In the Richlawn case the lots were part of the town and formed a buffer zone between the homes and Shelbyville Road. Moreover, we were dealing with a specific *legislative* action and a different statute.

Beechwood Village is another residential sixth class town just east of Richlawn. The town Board of Trustees had amended a zoning ordinance to change the classification of a vacant strip of land approximately 220 feet wide, lying between the residences and the Shelbyville Road, from a single-family residence classification to an apartment house classification. Citizens of the town sued to have the amendment declared invalid and to enjoin the use of the vacant land for other than single-family residences. We pointed out that there is no provision in the statutes for an appeal from the action of a city legislative body in adopting or amending a zoning ordinance so that the only remedy of an aggrieved property holder is such as may be available through a resort to the equitable jurisdiction of the courts, and that that remedy is available only on a showing that the legislative action complained of is arbitrary, capricious, or illegal. As in the present case, the parties in the Beechwood case emphasized the increase in the heavy traffic along the Shelbyville Road. We noted that commercial structures were on the opposite side of the road (as here) and we could not say that the strip of land was peculiarly suited for single-family residences or that such use was the most appropriate. We were not convinced, as the circuit court was not, that the reclassification had no substantial relation to the objects of the zoning statutes and affirmed the judgment sustaining the ordinance. Byrn v. Beechwood Village, Ky., 253 S.W.2d 395.

Without further detailing the evidence or describing the situation and conditions surrounding the property involved, we may say that in our opinion to maintain the present single residence classification and reject the reclassification sought is not warranted as promoting the common good or as a matter of general welfare of the community. It seems to us to be the converse.

The location of the subject property is on the boundary of a residential zoned district. Although not so closely surrounded with business houses, in relation to the nearby conditions and desirability for residences, it is like that in Petropoulos v. City of Chicago, 5 Ill.2d 270, 125 N.E.2d 522, 525. The owner attacked the validity of a zoning ordinance which restricted the area to single-family dwellings. The property was situated at the intersection of two "major traffic arteries accommodating large masses of motor traffic" in suburban Chicago. It was shown that only one dwelling house had been erected in the area in twenty-two years because of the traffic conditions, and that it would be very difficult to sell the property in that particular block, fronting on either street, "for residential purposes with expectation of a reasonable return for the value of the property." In reversing a judgment upholding the zoning ordinance, the court said:

"To place a legal restriction on the use of such property to the extent that the same is rendered practically unsaleable would be an utter violation of a man's right to alienate property. The law has always favored the free and unfettered use of a man's property subject to reasonable limitations. That reasonable restrictions and limitations can be placed upon the use and sale of one's property is unquestioned. However, when such restrictions and limitations, whether fixed by contract of the parties or by legislative action, are unreasonable, arbitrary and confiscatory a court of equity will intervene to grant appropriate relief."

This statement seems to us to be applicable to the case at bar.

We conclude the circuit court should direct the zoning commission to make the reclassification sought.

CAMMACK and MOREMEN, JJ., are of the opinion the case should be remanded for original decision by the circuit court.

Judgment is reversed.