**L. C. ADAMS et al., Appellants,**

v.

**CITY OF RICHMOND, Kentucky, et al.,**
Appellees.

Court of Appeals of Kentucky.

Nov. 11, 1960.

Thomas D. Shumate, Richmond, for appellants.

Chenault & Coy, H. Douglas Parris, Richmond, for appellees.

CULLEN, Commissioner.

This appeal presents a zoning question with some novel aspects. The appeal is from a judgment upholding the action of the city council of Richmond, a city of the third class, in zoning a parcel of annexed land for commercial use.

Richmond adopted a comprehensive zoning ordinance in 1956, under KRS 100.500 to 100.830. In June 1959 the city annexed three vacant lots adjoining the northern boundary of the city, having a frontage of some 82 feet on the east side of U. S. Highway 25, which is West Main Street extended. These lots were owned by Richmond Restaurants Company, and at the time of the annexation the members of the city council knew that the company intended to build a drive-in restaurant on the lots.

Immediately after the annexation the company submitted to the city planning and zoning commission a request for a recommendation that the lots be zoned for commercial use. However, the commission recommended that the lots be zoned residential, which recommendation was transmitted to the city council. On August 3, 1959, the city council rejected the commission's recommendation and adopted an ordinance zoning the lots for commercial use. Some two weeks later this action was brought by a number of neighboring property owners of the city, alleging that the zoning ordinance was illegal, arbitrary and capricious, and seeking to enjoin the construction and operation of a restaurant on the lots. After a trial the circuit court entered judgment dismissing the complaint. The complaining property owners have appealed.

The evidence shows that from the original city limits on West Main Street (U. S. Highway 25) to a point some six blocks south thereof, the territory on both sides of the street, to a depth varying from one to four blocks, is zoned residential and used for residential purposes, except for one parcel adjoining the city limits on the west side of the street. This parcel, which is diagonally across the street from the lots here in issue, had for many years been

occupied by a filling station. There is some indication that the zoning status of this parcel was intended to be that of a nonconforming commercial use in a residential zone, but the zoning ordinance of 1956 actually designates it as a commercial zone.

North of the city limits on the east side of U. S. Highway 25 there are three residential subdivisions occupied in the main by expensive private residences. However, there are in this area a public swimming pool, a state highway department garage and parking lot, a medical clinic and a motel. On the west side of the highway there is a large farm.

■ The judicial test to be applied to the zoning ordinance is whether or not the ordinance bears any substantial relation to the objects set forth in KRS 100.520, which specifies the purposes of zoning regulations in cities of the third to sixth classes. Bryn v. Beechwood Village, Ky., 253 S.W.2d 395; City of Richlawn v. McMakin, 313 Ky. 265, 230 S.W.2d 902. If it has no such relaton it will be invalidated as arbitrary and capricious.

■■ If we limit our consideration to the territory within the present city limits we think it is clear that the zoning ordinance here in question does have a substantial relation to the objects of the statute. Any proper zoning plan makes provision for commercial development in appropriate areas. There appears to be nothing inappropriate in providing for a commercial zone at the edge of the city; in fact, as most cities have grown that is where the commercial development has been. The mere fact that the area running into the city from the limits is residential in nature does not preclude the establishment of a commercial zone on the edge.

Here, there has been a commercial zone of several years' standing on the west side of the highway at the city limits. It appears that the lots on the east side, here in question, were to some extent separated from the property to the south by an old railroad fill, and that the lots required a considerable amount of filling to bring them up to the street level. These facts furnish some justification for placing the lots in a zoning classification different from that of the property to the south.

■ The zoning of the lots for commercial use cannot be classed as spot zoning because the location of the lots on the edge of the city, across the street from a commerical zone, and the physical characteristics of the lots make them distinguishable in character from the adjoining property to the south.

■■ The appellants maintain that the city council was activated by motives other than consideration of proper zoning objects. However, if the action of the council does in fact bear an appropriate relation to the objects of the zoning statute it is not material what prompted the council to take the action. It is well settled that the courts will not inquire into the motives that impel legislative action. City of Louisville v. Bryan S. McCoy, Inc., Ky., 286 S.W.2d 546.

So far in this opinion we have excluded from consideration the situation and conditions of use of the property *outside* the city limits. The appellants, in arguing that the lots in question have been made a small commercial island between the residential property in the city and that immediately outside the city, necessarily take the position that the condition of the property outside the city must be given consideration.

It certainly would seem desirable that there be a coordination of zoning of city territory with that of suburban areas. For many years the zoning authority of cities of the second class has extended into suburban areas. KRS 100.320 to 100.490. By an Act of the 1960 General Assembly, KRS 100.850 to 100.872, provision has been made for cooperative zoning by cities of the third to sixth classes and the counties in

which they are located. But at the time of the zoning ordinance here in question cities of the third class had no control over zoning outside the city limits (except for some limited subdivision control, KRS 100.-720).

In a case arising from Jefferson County, where there was county zoning by separate authority from Louisville zoning, we indicated that the county zoning status of property immediately outside the city limits of Louisville should be given weight in considering the reasonableness of a city ordinance zoning property on the edge of the city. City of Louisville v. Bryan S. McCoy, Inc., Ky., 286 S.W.2d 546. However, we held that upon annexation of property to the city the zoning authorities of the city had the power to consider the most suitable zoning classification of the property as a part of the city, independently of the previous zoning action of the county authorities.

■ Where, as in the case here, there is no county zoning and the city zoning authority does not extend beyond the city limits, we are not prepared to say that the city, in zoning territory within its limits, must give substantial weight to the present use of property outside the limits. It might well be that the best interests of the city, under a comprehensive zoning plan, would be to zone suburban territory (after annexation) for use different from its present use.

Practical considerations enter into the question of the possible effectiveness of attempting to apply a rule that the present use of property outside the city must be given substantial weight in cases involving annexation. For example, in the instant situation the lots in question could have been used for commercial purposes if they had not been annexed. Or if the proposed restaurant had been built *before* annexation such use could have been continued following annexation, as a nonconforming use. Louisville & Jefferson County Planning & Zoning Commission v. Fortner, Ky., 243 S.W.2d 492. Or the city might now de-annex the lots, in which event there would be no bar to their commercial use. In any of the foregoing situations the present residential use of the adjoining property would be no factor.

■ Regardless of whether the present use of the adjoining suburban property should be given weight in city zoning, it is our opinion that even if weight were to be given in the instant case it would not establish that the zoning ordinance was arbitrary and unreasonable. The area on the west side of the highway outside the city limits, now used as farm land, is not barred from commercial development. There are some nonresidential uses even in the area on the east side. It cannot be said that this area has acquired such an exclusively residential character, and is so particularly adapted for residential use, that to establish a commercial zone on its edge is without any relation to the statutory zoning objects.

■ The appellants make a contention that under the statute the city legislative body had no power to reject or override the recommendation of the zoning commission, and that the only remedy of the owner of the lots was by appeal from the board of adjustment. This contention has no merit. The zoning power is vested in the city legislative body by KRS 100.500 and 100.530. The zoning commission merely makes recommendations, KRS 100.550. The board of adjustment has no zoning power, KRS 100.580; Bray v. Beyer, 292 Ky. 162, 166 S.W.2d 290. The statute referred to by the appellants, KRS 100.680, has reference to the master plan, which is something apart from the zoning regulations.

■ The appellants further suggest that the action of the city council was invalid because the members of the council had decided individually, before the zoning commission's recommendation was made, to zone the property in question for com-

mercial use. We think it is obvious that the validity of the action of the council can be measured only by what the council did officially, and not by the individual private expressions of its various members. The council took official action on the zoning commission's recommendation, and whether or not the deliberation was extensive and open minded is of no concern.

The judgment is affirmed.