# Bray et al. v. Beyer et al.

Nov. 24, 1942.

Eaton & Eaton for appellants.

Boyd & Boyd for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

This is an appeal from a judgment of the McCracken circuit court dismissing an appeal from an order of the Board of Adjustment of the City Planning & Zoning Commission of Paducah exempting the property of E. L. Beyer and Lucille Beyer from the restrictions of the zoning ordinances of the city. The property is located on the northeast corner of Kentucky avenue and 19th street, and fronts 200 feet on Kentucky avenue and 165 feet on 19th street. The chancellor was of the opinion that there was some evidence to sustain the finding of facts by the Board of Adjustment, and that he therefore was without authority to disturb its action.

The Board of Council of the city of Paducah enacted an ordinance in 1928, which was amended in 1929, zoning all property in the city of Paducah. The ordinance made it unlawful for any person, firm or corporation to locate or construct any building intended or designed to be used for any business or industrial purposes, or to use any land for such purposes within any residential zone except under the conditions provided in the ordinance. Section 2 of the ordinance defined a residential zone as ''any land fronting on both sides of any public street or court and extending to the rear lot lines of the lots fronting on such street or court, or to the center line of an alley, where at the time of the enactment of this ordinance less than one-third of the frontage of said land within any one block is used or designed for business or industrial purposes, and a block as herein defined shall consist of the space from one intersecting street to the next intersecting street.'' The ordinance was enacted pursuant to Chapter 80, Acts 1928, now KRS 100.320 et seq., which provides for the creation and organization of a city planning and zoning commission for each city of the second class. By the ordinance Kentucky avenue from the Ohio river west on 16th street was zoned for business purposes, and from 16th street west to the end of the avenue for residential purposes. Broadway runs parallel to and north of Kentucky avenue, and it appears that 19th street was zoned for residential purposes from Broadway south across Kentucky avenue. 18th street does not extend across Kentucky avenue, and the entire distance from 17th street to 19th street is one block approximately 700 feet in length. On the south side of Kentucky avenue between 17th and 19th streets are two or three residences and one small brick building which at one time was used as a storage house for ice or a place from which ice was distributed. It had not been used for any purpose for more than eight years before this litigation arose. When the Beyers purchased the lot there were no buildings of any kind on the north side of Kentucky avenue between 17th street and 19th street. From 19th street west Kentucky avenue is an attractive residential street with no business houses of any kind. In 1941 E. L. Beyer and his wife, Lucille Beyer, purchased the lot on the north side of Kentucky avenue and the east side of 19th street. They applied to the building inspector for a permit to erect a house on the lot and presented

to him an affidavit stating that the structure was to be used as a residence. A permit was issued and soon after the construction of the building began it became obvious that it was to be a gasoline filling station. Thereupon the property owners and residents in the immediate vicinity protested. Beyer then applied to the City Planning & Zoning Commission of the city to have all of the property on both sides of Kentucky avenue between 16th and 19th streets zoned for both business and residential purposes. The application was approved, and the City Planning & Zoning Commission recommended to the Board of Commissioners of the city of Paducah the adoption of an ordinance zoning the property along Kentucky avenue between 16th and 19ths street for residential and business purposes. On July 22, 1941, the Board of Commissioners enacted an ordinance in which it adopted, in part, the recommendation of the commission. By the ordinance the property on both sides of Kentucky avenue from the west line of 16th street to a point 165 feet west of the west line of 17th street and extending back on each side of Kentucky avenue to the midway point of the block was declared to be a residential and business district within the meaning of the City Planning & Zoning Law, and to be used for residential and business purposes. Thus the Board of Commissioners refused to include the Beyer property in the territory zoned for residential and business purposes. The Beyers proceeded with the construction of their filling station, and the city of Paducah brought suit in the McCracken circuit court to enjoin them from constructing a filling station or using the property for business purposes, and a temporary injunction was granted. The Beyers then made application to the Board of Adjustment of the City Planning & Zoning Commission for a rule exempting their lot from the restrictions of the zoning ordinance. A number of citizens residing in the neighborhood intervened and objected. Proof was heard by the Board of Adjustment, and it entered an order exempting the Beyer property from the restrictions of the zoning ordinance. An appeal from the order was taken by interested parties in the manner prescribed by KRS 100.480. On the hearing before the Board of Adjustment several persons who owned residences located on Kentucky avenue between 17th and 19th streets and west of 19th street were introduced as witnesses. They testified that the property along Kentucky avenue would be greatly depreciat-

ed in value by the erection of a business building on the Beyer lot and particularly by the operation of a filling station. E. L. Beyer testified that the lot could not be used for residential purposes, but was suitable for business purposes. His opinion was based on the fact that it was filled ground. Immediately after making this statement he testified that the building under construction was a residence and that he and his wife intended to occupy it as a residence after its completion. He finally admitted that they intended to operate a filling station on the lot. The building is a two-story structure with living quarters on the second floor.

The act creating planning and zoning commissions in cities of the second class provides that the final report of the commission with respect to the zones or districts, or with respect to the regulations or restrictions upon the use of property in any of the zones or districts, shall be submitted by the commission to the mayor who shall submit it to the legislative body which may approve or disapprove the commission's report, and "upon the enactment, approval, and publication, according to law of an ordinance adopting the report, it shall become immediately effective and operative as a proper exercise by the state of its police power." KRS 100.400.

KRS 100.450 provides that:

"Applications to the board of adjustment for relief by way of special exceptions may be made by any property owner or tenant aggrieved, and appeals to said board may be taken by any property owner or tenant, or any city officer, department, board or bureau, affected by any ruling of any administrative officer in the enforcement of KRS 100.320 to 100.490 or any ordinance, regulations or rules enacted pursuant thereto."

And KRS 100.470 provides that the board of adjustment may:

"(c) Authorize, upon application or appeal, such variances from the terms of the ordinance or of any plans, rules or regulations made thereunder, as will not be contrary to the public interest, where a literal enforcement of the provisions of the ordinance, plans, rules or regulations would result in unnecessary hardship, and so that the spirit of the ordi-

nance shall be observed and substantial justice done.''

The power to zone property within the city belongs to the legislative department of the city, and that power has not been and cannot be delegated to the Board of Adjustment of the Planning & Zoning Commission, yet if the Board of Adjustment may grant special exceptions or authorize variances, such as the one in the present case, it may eventually destroy the restrictions imposed by the zoning ordinance and, in effect, amend or repeal the ordinance.

Our zoning statute and the zoning ordinance of the city of Paducah are very similar to zoning statutes and ordinances of other states and cities. In construing a statute similar to ours, the Supreme Court of Iowa, in Anderson v. Jester, 206 Iowa 452, 221 N. W. 354, 358, said:

"But the statute does not, by language or inference, confer arbitrary power upon the board. On the contrary, it lays down conditions and limitations within which the board must confine itself. The power of the board is to grant such exceptions and variances in specific cases as will bring them within, not to take or leave them out, of the spirit, intent, and general purpose of the ordinance of zoning."

In Harrington v. Board of Adjustment, Tex. Civ. App., 124 S. W. (2d) 401, 404, the Board of Adjustment granted the application of a property owner for a special exception to the terms of the zoning ordinance so as to permit the erection of a gasoline filling station in a district designated by the city council in the zoning ordinance as a residential district. The application was approved, and the trial court affirmed the decision of the board. Among the powers given to the Board of Adjustment by the Texas Zoning Statute, Vernon's Ann. Civ. St. Tex. art. 1011g, subd. 3, was this:

"To authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the

ordinance shall be observed and substantial justice done.''

The Texas Civil Court of Appeals reversed the judgment of the trial court, and held that the action of the Board of Adjustment was beyond the power given to it by the statute. It was held that the action of the board was not in harmony with the spirit and purpose of the zoning ordinance and would, in effect, not only destroy the spirit and purpose of the ordinance but its very terms and provisions as well. The court said:

"That such an act of the board would be legislation enacted by it is too plain to admit of argument. The board is not permitted to enact legislation. That is the function of the city council and it cannot be usurped by, nor delegated to the board of adjustment.''

Among other recent cases to the same effect are: State v. Kansas City, 325 Mo. 95, 27 S. W. (2d) 1030; Nicolai v. Board of Adjustment, 55 Ariz. 283, 101 P. (2d) 199; Walton v. Tracy Loan & Trust Company, 97 Utah 249, 92 P. (2d) 724; Livingston v. Peterson, 59 N. D. 104, 228 N. W. 816. As said in Smith v. Selligman, 270 Ky. 69, 109 S. W. (2d) 14, 16, speaking of the statute governing cities of the first class:

"The statute authorizes the board to make such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, the enforcement of the provisions of the ordinance will result in unwarranted hardship and injustice. In the determination of this question the board is vested with a wide discretion, and the courts will not interfere with that discretion unless abused.''

However, the power of authorizing special exceptions to and variations from the general provisions of the zoning law is designed to be exercised only under exceptional circumstances and not for the purpose of amending the law or changing its scheme in essential particulars such as making changes in boundary lines of districts or authorizing the erection of a building forbidden by the zoning law to be erected.

We think the action of the Board of Adjustment in the instant case violated the spirit of the ordinance and

amounted to legislation by it. Furthermore, there is no showing that a literal enforcement of the provisions of the ordinance with respect to the Beyer lot will result in unnecessary hardship.

The judgment is reversed, with directions to enter a judgment in conformity herewith.