**FRIED et al. v. LOUISVILLE AND JEFFERSON COUNTY PLANNING AND ZONING COMMISSION et al.**

Court of Appeals of Kentucky.
March 27, 1953.

Rehearing Denied June 19, 1953.

Henry J. Burt, Jr., Louisville, for appellants.

James L. Taylor and Lawrence G. Duncan, Louisville, for appellees.

COMBS, Justice.

Appellants own 20.216 acres of land on the north side of Shelbyville Road, 1625 feet west of its intersection with LaGrange Road in Jefferson County. On February 6, 1952, they requested the Louisville and Jefferson County Planning and Zoning Commission to change from "A–1 Residential" to "D–2 Commercial" the zoning classification of the entire 645.43–foot frontage on Shelbyville Road, extending northwardly to a depth of 400 feet. On March 6, 1952, the Commission held a public hearing on the proposed change and unanimously adopted a resolution denying the request. The circuit court sustained the Zoning Commission and this appeal is from the judgment of the circuit court.

Appellants are heirs at law of James J. Butler Sr., who acquired this property, referred to in the record as the Butler tract,

in 1868. Some of appellants live in the one residence located on the property. The property was classified as residential in 1943 when the county zoning law became effective and this is the first request for a change.

To the west of the Butler tract is Beechwood Village, an incorporated sixth class city entitled to its own zoning regulations, which is entirely residential. Adjacent to the Butler tract on the east is the St. Matthews Community Center, a playground and also an area where the Annual Potato Festival is held. East of the Community Center is a Drive-In Theater, built prior to the zoning law of 1943 and operating under a nonconforming use. The property between the theater and the LaGrange Road intersection is classified as commercial. On the south side of Shelbyville Road the area directly opposite the Butler property is sparsely settled and classified as residential, but about one-half mile to the west is located the Hubbard's Lane commercial district, a rapidly developing area.

Appellants introduced real estate men who testified this property is more suitable for commercial than residential purposes, and that there is need for commercial property in the area. The Commission contends, on the other hand, that there is sufficient property already zoned for commercial use in this area and this property, being adjacent to residential property, is more suitable for residential purposes. It is established that appellants' property would be worth approximately three times as much for commercial use as for residential purposes.

The Commission's decision is based upon recognized zoning practices, the theory being that it is good zoning policy to promote the development of small shopping and commercial districts about one mile apart, rather than to permit "string development" along a main highway. There is a shopping center at Hubbard's Lane and another at LaGrange Road, and the Commission's plan would prohibit commercial property between these two districts. It is also pointed out by the Commission that this property is not on the "going home"

side of the road to people who work in Louisville, and if the property is used for commercial purposes this would encourage motorists to make left-hand turns into the property, thereby increasing traffic hazards.

It is now generally accepted that zoning statutes and ordinances are a valid exercise of the police power of the legislative body. The only question properly reviewable by the courts is whether the action of the Commission, in the application of the zoning ordinance, is unrelated to the public health, safety, morals and general welfare, and thus arbitrary and unreasonable. City of Richlawn v. McMakin, 1950, 313 Ky. 265, 230 S.W.2d 902.

Failure to reclassify appellants' property will cause a financial loss to them, but as stated in the case of Schloemer v. City of Louisville, 298 Ky. 286, 182 S.W.2d 782, 784:

"* * * Almost invariably some property owners suffer financially as a result of zoning ordinances. But the mere fact that a commercial use may be more profitable than a residential use of their property, is not sufficient evidence of an unwarranted hardship on appellants. * * *"

The justification for zoning restriction is the greater benefit which accrues to the public as a whole, and hardship to an individual is not sufficient to show that the action was arbitrary or discriminatory.

The question here is where the line should be drawn between the commercial zone and the residential zone. The Commission has determined the line should be drawn on the east side of the Butler property, which allows the public playground to serve as a "buffer" between a residential district and a commercial district. Appellants contend the line should be drawn on the west side of their property. This was a decision for the Zoning Commission to make. It is a well-settled proposition of zoning law that a court will not substitute its judgment for the judgment of the zoning authorities when the decision is based upon reason and logic. 58 Am.Jur.,

Zoning, § 42, page 968; Schloemer v. City of Louisville, supra; Boyd v. Louisville & Jefferson County Planning & Zoning Commission, 313 Ky. 196, 230 S.W.2d 444.

The judgment is affirmed.