## CITY OF SOMERSET v. WEISE et al.

Court of Appeals of Kentucky.

Jan. 15, 1954.

Joe E. Caylor, Somerset, for appellant.

Russell Jones, Fritz Krueger, Somerset, for appellees.

STEWART, Justice.

This appeal is from a judgment setting aside and holding void an ordinance of the city of Somerset under which its board of council undertook to zone that city in the manner hereinafter described.

The undisputed facts are that the board on November 12, 1945, Somerset being then a city of the fourth class, enacted an ordinance which designated what portions of the municipality might be utilized for business purposes and what for residential use. Subsequently, Somerset was reclassified as a third-class city by an act of the Legislature, but the ordinance under consideration was carried over unchanged.

Where a city planning commission is not set up, and such had never been done by the board prior to this litigation, the zoning of a third- or fourth-class city is regulated by KRS 100.500 to 100.600, inclusive. It is conceded the board in enacting the ordinance made no attempt to comply with KRS 100.550, which reads as follows:

"In order to avail itself of the powers conferred by KRS 100.500 to 100.-600 the legislative body shall appoint a zoning commission, which shall recommend the boundaries of the various original districts and appropriate regulations to be enforced therein. The zoning commission shall make a preliminary report and hold public hearings before submitting its final report, and the legislative body shall not hold its public hearings or take action until it has received the final report of the zoning commission. Where a city planning commission already exists, or later is set up, it shall be appointed as the zoning commission."

On July 1, 1953, appellees, who are owners of real estate situated in the area restricted by the ordinance to residential use, entered into a contract binding themselves to erect a service station on their property for rental to a petroleum products company. They requested a building permit, which the city would not grant, asserting as its reason for refusal that a commercial structure on the property would violate the terms of the ordinance.

This action for a declaration of rights was filed to test the validity of the ordinance. The chancellor decreed it void for failure upon the part of the board to pursue the foregoing statutory provision. The city, in urging a reversal, maintains it could in the first instance exercise a power which it had the right in its option to delegate to another body to perform. We are unable to accept this contention.

The power of a municipality to place in force a zoning plan is not inherent but is derived solely from the express authority conferred on it by the Legislature. 58 Am.Jur., Zoning, Section 7, page 943. In the same volume on this subject, in Section 9, page 944, we have this language which is pertinent: "The zoning statute may outline the procedure through which a zoning system may be adopted. Such a provision in the zoning statute is usually a mandatory one, and a zoning ordinance is invalid where it is not passed as provided by the enabling statute. * * *" If this last principle of law signifies anything it means that a zoning statute controls where it expressly and unambiguously dictates the course to be followed in the creation of a zoning system.

Clearly KRS 100.550 mandatorily requires the legislative body of a city such as Somerset, "in order to avail itself of the powers conferred by KRS 100.500 to 100.-600", to appoint a zoning commission to "recommend the boundaries of the various original districts and the appropriate regulations to be enforced therein" and to "make a preliminary report and hold public hearings before submitting its final report". Continuing, this same section directs that the legislative body shall not "take action until it has received the final report of the zoning commission." In other words, the appointment of the zoning commission to perform the functions we have just outlined is a condition precedent to the enactment of a valid general zoning ordinance. The language of the statute could not more plainly express the intent of the Legislature on a subject. Therefore, since there was an evasion of the statutory procedure in the manner indicated, the chancellor correctly decreed the ordinance null and void.

Wherefore, the judgment is affirmed.