**BOARD OF ADJUSTMENT AND APPEALS OF CITY OF SHIVELY, Kentucky, et al., Appellants,**

**v.**

**DIXIE SUBURBAN VOLUNTEER FIRE DEPARTMENT, Inc., on Relation of Bernard WATHEN, President and Relator, Appellees.**

Court of Appeals of Kentucky.

Dec. 12, 1958.

Rehearing Denied Feb. 13, 1959.

Raymond C. Stephenson, Louisville, for appellants.

Henry A. Triplett, Louisville, for appellees.

CULLEN, Commissioner.

The Dixie Suburban Volunteer Fire Department, desiring to erect a fire station in an area of the City of Shively that is zoned for residential uses, made application to the board of adjustment and appeals of the city for a "special use" permit authorizing the erection of the station. The board denied the permit and the fire department thereupon sought judicial review by petition to the circuit court under KRS 100.590. In

its petition. the fire department asked for an order directing the board of adjustment and appeals to issue the desired permit, and for an injunction restraining the board from interfering with the erection of the fire station.

The circuit judge, in a written opinion, stated his conclusion that the portion of the Shively zoning ordinance authorizing the board of adjustment and appeals to grant "special use" permits was unconstitutional and therefore invalid, because it did not prescribe sufficient standards or guides to govern the board in the exercise of its discretion as to whether or not to grant such a permit. The court thereupon entered judgment enjoining the board from interfering with the construction of the fire station. The board has appealed from that judgment.

Under the Shively zoning ordinance, four districts are established; namely, residential, commercial, light industrial, and heavy industrial. The kinds of uses permitted in the first three districts are specified in detail. As to the fourth district, heavy industrial, the ordinance states that any use not constituting a nuisance is permissible, provided that approval of the board of adjustment and appeals is required for certain specified malodorous industries and for "any use specifically classified as a Special Use in Section 9 of this ordinance.". Section 9, entitled "Special Uses," lists 76 different kinds of uses which the board of adjustment and appeals may permit *in any district* "when found to be in the interest of the public health, safety, morals, or general welfare of the community." Fire stations are included in this special use list, and are not otherwise permitted in any of the four zoning districts. The effect of the ordinance as a whole is, therefore, that all of the 76 special uses are prohibited anywhere in the city, unless the board of adjustment and appeals issues a special permit.

Under the governing statute, KRS 100.-500 to 100.600, and under the Shively zon-ing ordinance, the board of adjustment and appeals has two basic powers. One is to hear appeals from the "administrative officer," KRS 100.570, 100.580, and the other is to authorize special exceptions and variances, KRS 100.560, 100.580. The board is not charged with *enforcement* duties, and it has no responsibility for compelling compliance with the zoning ordinance. It is provided in KRS 100.980(3) that "the proper city authorities" may bring actions to enjoin uses of land in violation of the zoning ordinance or statutes, but the board of adjustment and appeals is not designated for that purpose.

In view of the provisions of the zoning ordinance, and of the limited scope of the functions of the board of adjustment and appeals, it will be apparent that the judgment in the case before us creates a somewhat anomalous situation. The fire department is prohibited by the zoning ordinance from building a fire station without a permit from the board. The judgment, based upon a conclusion that the part of the ordinance giving the board power to issue special use permits is invalid, does not direct the board to issue a permit, but simply enjoins the board from interfering with the construction of the fire station. Since the board has no enforcement functions, there is no way in which it could interfere, with the result that the fire department, if it goes ahead with the construction of its station, will be violating the ordinance and will be subject to injunction proceedings by the appropriate city authorities, under KRS 100.-980(3).

It is our opinion that upon the statutory appeal taken by the fire department from the decision of the board of adjustment and appeals denying the department's application for a special use permit, the validity of that part of the ordinance giving the board power to grant such permits could not properly be put in issue. This could be on the theory of an estoppel. See United Fuel Gas Co. v. Railroad Commission of Kentucky, 278 U.S. 300, 49 S.Ct. 150, 73 L.Ed.

390; Crittenden County v. McConnell, 237 Ky. 806, 36 S.W.2d 627; Yokley, Zoning Law and Practice, Second Ed., Vol. 1, sec. 130, p. 318. However, we prefer to put our opinion on the basis that, for the reasons hereinbefore stated, to hold unconstitutional the part of the ordinance here in question would accomplish no purpose, since the petitioner still would be faced with the remaining portions of the ordinance barring the erection of the desired building.

Bray v. Beyer, 292 Ky. 162, 166 S.W.2d 290, and Arrow Transportation Co. v. Planning and Zoning Commission, Ky., 299 S.W. 2d 95, which were relied upon by the lower court, have no application here, because in those cases the persons who were maintaining in the courts that the board of adjustment had no power to grant an exception were property owners who were protesting the granting of a permit to the applicant.

Since we have concluded that the circuit court improperly undertook to rule upon the validity of the special use section of the zoning ordinance, the issues in the case resolve themselves into the question of whether the decision of the board of adjustment and appeals denying the special use permit should be reversed or affirmed. KRS 100.590(4). The circuit court did not pass on this question, and we feel it should do so, rather than for this Court to make an initial decision. Accordingly, we will remand the case with directions to the circuit court to determine the legality of the board's decision.

We recognize that the circuit court will be faced with a difficult question. Since the standards governing the board's action as prescribed in the ordinance are exceedingly broad, it would seem that the board's decision may be reversed only upon a finding that the board acted arbitrarily and capriciously, without any regard to the "interest of the public health, safety, morals, or general welfare of the community." See Moore v. City of Lexington, 309 Ky. 671, 218 S.W.2d 7; Byrn v. Beechwood Village, Ky., 253 S.W.2d 395.

We wish to make it clear that nothing in this opinion is to be construed as precluding the fire department from bringing an appropriate action, with appropriate parties, to question the validity of the entire zoning ordinance.

There is a contention by the appellants here that the fire department has no right to operate a fire station in the city. This is on the theory that by virtue of KRS 75.010 a *fire protection district* has no authority to operate in a city. However, this statute is not applicable because the department here is not such a district, but is simply a volunteer fire department.

The judgment is reversed, with directions for further proceedings in conformity with this opinion.