LOUISVILLE TIMBER & WOODEN PRODUCTS COMPANY, Appellant,

v.

CITY OF BEECHWOOD VILLAGE, etc., et al., Appellees.

Court of Appeals of Kentucky.

March 13, 1964.

Oldham Clarke, McElwain, Dinning, Clarke & Winstead, Frank H. Thiemann, Jr., Louisville, for appellant.

W. A. Armstrong, Louisville, for appellees.

WILLIAMS, Judge.

This is an appeal from a judgment of the Jefferson Circuit Court holding that the action of the Board of Trustees of the City of Beechwood Village in refusing to rezone appellant's property was not arbitrary, unreasonable or capricious.

■ In 1951, Beechwood Village adopted a zoning ordinance which provided that the property in controversy here, as well as other property in the city, was included in a single-family residence zone. In 1952, the City amended its zoning ordinance so that an area including this property was zoned for multi-family dwellings. The 1952 amendment was declared valid by this Court in Byrn v. Beechwood Village, Ky., 253 S.W.2d 395 (1952). It was pointed out therein that, under the statutes governing zoning in cities of the sixth class, there is no provision for an appeal from the action of the city legislative body in enacting or amending a zoning ordinance. The only remedy is such as may be available through resort to the extraordinary equitable jurisdiction of the courts. We said: "It is well settled that this remedy is available only upon a showing that the action complained of is arbitrary, capricious or illegal." The question before us therefore is whether the refusal of the city to amend its zoning ordinance may be attacked, and whether it was arbitrary, capricious or illegal.

■ The appellant purchased the property in controversy in 1959. Soon thereafter it made application to the Zoning Commission for a change of zoning from multi-family to limited commercial. The Zoning Commission may hold public hearings and make recommendations to the city legislative body. KRS 100.550. The Zoning Commission recommended to the Board of Trustees of the City that the change be granted, but the Board rejected the recommendation and refused to enact an ordinance carrying such recommendation into effect. An action in equity may be maintained to test the Board's refusal to act.

■ The circuit court correctly held that an ordinance otherwise valid could be held invalid insofar as it affected particular property, and that an ordinance, valid when adopted, could become invalid at a later time if its operation under changed conditions proved to be confiscatory. Vernon Park Realty Co. v. City of Mt. Vernon, 307 N.Y. 493, 121 N.E.2d 517. That court further correctly held that it could not be said that failure of the Board of Trustees to follow the recommendations of the Zoning Commission was an illegal action. The court limited itself to a determination of whether the 1952 ordinance affects this particular property in such manner as to be arbitrary or capricious and thus confiscatory,

or to bear no relation to the welfare, safety and health of the community.

We said in Leutenmayer v. Mathis, Ky., 333 S.W.2d 774 (1960), that the sole question is whether the legislative body acted arbitrarily, capriciously or illegally. If the evidence is such that reasonable minds could differ as to whether the zoning ordinance had a substantial relation to the public health, morals, safety or general welfare, the ordinance must be upheld. The lower court found that the operation of the 1952 ordinance did not constitute a confiscation of plaintiff's property, and it specifically adjudged that the action of the Board of Trustees was not arbitrary, unreasonable or capricious.

The evidence heard by the Zoning Commission shows that across the street and immediately east of the property in question there has been considerable commercial development. Although that property is outside the city limits of Beechwood Village, nevertheless testimony concerning it was proper. On the other hand, directly behind and to the west of the property there have been erected many single-family residences, apartment buildings, and one church building. There has been no commercial development in that area which is within the City of Beechwood Village. There was substantial testimony on behalf of appellant that the most suitable use for the property in question was a commercial one, and that it was not economically feasible to build apartments on it. We stated in Schloemer v. City of Louisville, 298 Ky. 286, 182 S.W.2d 782 (1944), that the fact that a commercial use may be more profitable than a residential one is not sufficient to justify a finding of unwarranted hardship. In Fried v. Louisville & Jefferson County Planning & Zoning Commission, Ky., 258 S.W.2d 466 (1953), we held that the justification for zoning restriction is the greater benefit which accrues to the public as a whole, and hardship to an individual is not sufficient to show that the action was arbitrary or discriminatory.

The zoning statute pertinent to a city of the class of Beechwood Village is KRS 100.520, which provides:

"Purposes of regulations. Regulations shall be made in accordance with a comprehensive plan and shall be designed to lessen congestion in the streets; to secure safety from fire, panic, and other dangers; to promote health and the general welfare; to provide adequate light and air; to prevent the overcrowding of land; to avoid undue concentration of population; to facilitate the adequate provision of transportation, water, sewerage, schools, parks, and other public requirements. The regulations shall be made with reasonable consideration of the character of the district and its peculiar suitability for particular uses, and with a view to conserving the value of buildings and encouraging the most appropriate use of land."

The appellant finds comfort in the last sentence of that statute which indicates that consideration should be given to the most appropriate use of the land. There can be no quarrel with that contention, but it is far from the only criterion by which a zoning regulation shall be judged. Quite possibly the best use to which the land in question could be dedicated would be a commercial use. However, there was sufficient evidence developed at the hearing indicating possible congestion, unsafe conditions, et cetera, which apparently outweighed the other considerations in the opinion of the Board. "The justification for zoning restriction is the greater benefit which accrues to the public as a whole, and hardship to an individual is not sufficient to show that the action was arbitrary or discriminatory." Fried v. Louisville & Jefferson County Planning & Zoning Commission, supra.

There has been no adequate showing that the action of the Board of Trustees was ar-

bitrary, capricious or illegal. And, in the absence of such showing, the action of the Board cannot be said to have been confiscatory.

The judgment is affirmed.