**LOUISVILLE BUILDERS SUPPLY COMPANY OF ST. MATTHEWS, INC., Appellant,**

v.

**CITY OF RICHLAWN et al., Appellees.**

Court of Appeals of Kentucky.

July 2, 1965.

Thomas C. Carroll, Louisville, for appellant.

H. Bemis Lawrence, Louisville, for appellees.

WADDILL, Commissioner.

The appeal is from a judgment assessing damages against Louisville Builders Supply Company of St. Matthews, ordering this Company to remove debris it deposited in a public drainage ditch, restraining the Company from enlarging the use of its property located within the corporate limits of the City of Richlawn and directing that the Company's application for permission to make certain improvements on this property be passed upon within 30 days after the Company complies with the affirmative requirements of the judgment.

The grounds for reversal are that the chancellor erred in his award of damages, in determining that the Company must apply for a permit to make certain changes on its property located in Richlawn and in not deciding all the issues.

The Company owns a 6.4-acre tract of land of which about 2 acres are located in Richlawn and the remainder in the City of St. Matthews. In 1949 Richlawn, a city of the sixth class, enacted a zoning ordinance which, among other things, restricted all property in Richlawn to residential use. Before (and since) the enactment of this ordinance the Company was engaged in manufacturing concrete blocks and selling various building materials on its tract of land.

In September 1961 the Company removed 24 pine trees from the right-of-way lying between Hubbard's Lane and the Company's land. The following month the Company sought an injunction to require Richlawn to issue a permit for improvements upon its property or to prevent Richlawn from interfering with any change in its use of this property and to declare it had the right to remove the trees. By answer Richlawn denied the Company's right to change the use of its property without a permit and counterclaimed for the return of the trees.

During the subsequent months the Company filed an application for a permit with Richlawn but its merits have not been passed upon. The appealed judgment was based on the chancellor's findings, in part, that the trees belonged to Richlawn and had a fair market value of $1800, were maliciously removed by the Company and could not be practicably returned.

It is contended that the award for actual damages for the trees is excessive. The parties' evidence concerning the size and beauty of the trees was in sharp conflict and the evidence of their value shows an even greater disparity of opinion. Suffice it to say that the finding of actual damage of $1800 is supported by evidence which would have justified an award of more than twice that amount. The Company also contends that punitive damages were not warranted because the finding that it removed the trees maliciously is unauthorized. At the time of their removal there was a dispute between the Company and Richlawn

as to which one owned the land upon which the trees were located, but it is not denied that these trees were planted by Richlawn and were removed by the Company over Richlawn's specific protests. The chancellor found that the land in question belonged to Richlawn and that the removal of the trees was accomplished in wanton and wilful disregard of the rights of Richlawn. Since the evidence justified these findings punitive damages were properly assessed. Maddix v. Gammon, 293 Ky. 540, 169 S.W. 2d 594. The amount of the punitive damages is not argued on this appeal. We conclude there is no reversible error in the imposition of damages.

■ The next contention is whether KRS 100.068 and 100.069 relating to non-conforming uses are applicable to this case. The chancellor correctly held that these sections are inapplicable. KRS 100.033 provides that any incorporated municipality within a county containing a city of the first class may, under certain conditions, avail itself of the benefits of KRS 100.031 through 100.097 and shall thereafter be subject to their provisions. In the absence of affirmative acts by the proper parties, acts which were neither alleged nor found in the instant case, the contended for sections are inapplicable. The statutory provisions which are applicable to this case are found in KRS 100.500 et seq. (Also see Louisville Timber and Wooden Products Co. v. City of Beechwood Village, Ky., 376 S.W.2d 690).

■ Finally it is contended that the chancellor erred in not determining whether the Company is entitled to a permit. We have previously observed that the Company's application has not been passed upon by the appropriate administrative body. This is initially an administrative not a judicial function and therefore the chancellor properly refrained from determining the merits of the application.

The judgment is affirmed.