283 So.2d 607

**BOARD OF ADJUSTMENT OF the CITY OF MOBILE, Alabama**

v.

**MATRANGA, HESS & SULLIVAN, a partnership.**

**Civ. 208.**

Court of Civil Appeals of Alabama.

Sept. 28, 1973.

James H. Lackey, Mobile, for appellant.

Matranga, Hess, Sullivan & Stout, Stockman, Bedsole & Kimbrough, Mobile, for appellee.

**WRIGHT, Presiding Judge.**

Appellees appealed a decision of the Board of Adjustment of the City of Mobile denying a use variance, to the Circuit Court of Mobile County. After jury trial, verdict and judgment was entered on October 26, 1972, overruling the decision of the Board of Adjustment and granting the variance. Motion for new trial of appellant, Board of Adjustment, was denied on February 7, 1973. The Board of Adjustment brings this appeal. Submission here was on briefs on August 20, 1973.

In support of argument that the affirmative charge should have been given, appellant contends that the evidence was insufficient to show standing as "persons aggrieved" within the meaning of Title 37 §§ 781 and 783, Code 1940. Section 783 is in part as follows:

"Any party aggrieved by any final judgment or decision of such board of zoning adjustment, may within fifteen days thereafter appeal therefrom to the Circuit Court or court of like jurisdiction. . . ."

There is no contention by appellant that the evidence on the issue of the right to a use variance from the zoning ordinance does not support the verdict of the jury, therefore, we see no necessity of setting out such evidence here. We will discuss only the evidence relating to the interest of appellees in the property involved and their standing to prosecute the application for a variance.

If appellees were not "persons aggrieved" by the action of the Board of Adjustment, and entitled to appeal to circuit court under § 783, it follows that neither were they "persons aggrieved" by the zoning ordinance and entitled to bring the original petition before the Board under § 781.

The evidence was undisputed that the record title holder and owner of the lot involved is a corporation, Highway 90 West Development Corporation. Appellee Matranga testified that one Art Olensky came to him as an attorney and stated he wanted the property rezoned so that it could be sold to Humble Oil Company for use as a service station. Olensky told Matranga that he did not want to become involved in

any action to secure rezoning but that he would give Matranga an option to purchase the property for $130,000, said option conditioned upon Matranga securing the necessary variance from a residential zoning to that for use as a service station. Olensky stated to Matranga that there was an offer of $150,000 from Humble Oil for the property if it could be used for a service station. If Matranga obtained the variance, the difference between the option price of $130,000 and the Humble offer of $150,000 and would be Matranga's.

An option to Matranga and his partners executed by Art Olensky and wife as individuals was introduced in evidence. Under cross examination, Matranga acknowledged that title to the property was in the Highway 90 West Corporation. He stated he did not know who the principals or stockholders of the corporation were. He did not know what position Olensky had in the corporation, and that he had dealt only with Olensky as his attorney. He stated that he reposed confidence in Olensky that if the variance was obtained, Olensky could deliver the promised $20,000.

Under the evidence, two questions are presented for determination on the issue of standing of appellees to institute the action for a zoning variance. First, is the holder of an option to purchase a "person aggrieved" by a zoning ordinance or the denial of a use variance.

Standing as a "person aggrieved" was discussed by the Supreme Court in the case of Arant v. Board of Adjustment of the City of Montgomery, 271 Ala. 600, 126 So. 2d 100. In that case the court cited and discussed cases from several jurisdictions which involved a petition for a zoning variance. The court adopted the view that one having a contract to purchase property, though conditioned upon the securing of a use variance, is the equitable owner of the property and is entitled to petition for a use variance as a "person aggrieved." However, language used by the court in distinguishing the facts in the case from those in Arrow Transportation Co. v.

Planning & Zoning Commission, 299 S.W. 2d 95 (Ky.) pointed out that applicant Arant was a conditional purchaser and stood in a different position from that of a "mere holder of an option." Such language leads this Court to the conclusion that the Supreme Court of this state would not consider the mere holder of an option a "person aggrieved" with standing to petition for a use variance from a zoning ordinance.

In the instant case, applicants were not only mere holders of an option to purchase or secure a purchaser, but the right to exercise that option was conditioned upon their securing a use variance. We therefore would hold appellees not to hold sufficient interest in the property to qualify or have standing as "persons aggrieved" under the statute and be able to prosecute petition for a use variance.

However, we do not have to so hold in this case, for the second question presented by the evidence is determinative and requires reversal of the judgment of the trial court. That question is—Is the option held by appellees shown by the evidence to convey any interest from the owners of the property? We must hold that the evidence fails to show any legal interest in the property or right to execute an option for the title holder by Art Olensky and his wife. From aught that appears from the evidence, appellees are not even more holders of an option to purchase for it is not shown that the signers of the option had any right or title or interest in the property optioned. Legal title to the property is undisputedly in a corporation. There is no evidence showing any interest of the Olenskys in the corporation or that they had any authority to act for or on behalf of the corporation in the execution of the option, or to secure the services of appellees as attorneys for the corporation. The option itself does not purport to execute on behalf of the corporation, but instead is signed by the Olenskys as individuals. If such authority in fact existed, or if the Olenskys are the sole stockholders of

the corporation, proof of such would appear to have been a simple matter.

We cannot subscribe to appellees' theory that proof of a condition of hardship on the property without proof of legal or equitable ownership of the applicant in the property is sufficient to sustain an action, either before the Board of Adjustment or in the Circuit Court. If such were permissible a stranger to the owner could secure a variance from a zoning ordinance.

We hold that appellees' failure to prove an interest in the property derived from the owner prevents them from having standing as a "party aggrieved" under the statute. Appellant was therefore entitled to the written requested affirmative charge. Failure to grant such charge requires the judgment of the trial court to be reversed. Other assignments of error are pretermitted.

Reversed and remanded.

BRADLEY and HOLMES, JJ., concur.