BRADLEY, Judge.
This is a zoning case.
The Mobile County Commission and the City of Mobile made a request for a special exception to Mobile’s zoning ordinance so that a detention center could be built on city property. The county was to lease the property from the city. On February 7, 1983 a hearing on the request was denied by a unanimous vote of the Board of Adjustment of the City of Mobile. The board found that:
“(1) the approval of this application would have an adverse impact on the neighborhood, and
“(2) construction of this type facility would be in direct conflict with the Master Plan of the City of Mobile.”
Pursuant to section 11-52-81, Code 1975, notice of appeal from the board’s decision was filed by the county commission on February 21,1983 in the Mobile County Circuit Court. The next day a demand for trial by jury was filed by the board. Shortly thereafter Bernice Hudson and Wilfred Madison, two property owners in the area of the proposed detention center, intervened and filed a motion to dismiss the appeal. They claimed that the county commission filed an application for a zoning exception without first having an ownership interest in the property and therefore the county commission lacked standing to request a special exception. The motion was denied.
The parties, pursuant to a pretrial order, submitted proposed issues for the court to decide at trial. The court stated in its second pretrial order that the issue to be decided was whether the county commission met the seven requirements set out in the city’s zoning ordinance for the granting of a special exception. The court also stated in the pretrial order “that there is nothing contained in the Master Plan which conflicts with the proposed exception.” No objections to the court’s order were filed.
A trial was held and on March 17, 1983 the jury returned a verdict for the county commission, granting its request for a special exception. Hudson and Madison, the intervenors, appeal and raise three issues.
The dispositive issue on appeal is whether the county commission had standing to seek a special exception from the city’s zoning ordinance. The intervenors once again assert that the county had no legal or equitable interest in the property when it filed an application for a special variance. They argue that without an interest in the property the county had no standing to file its initial request with the zoning board of adjustment.
In Board of Adjustment v. Matranga, Hess & Sullivan, 51 Ala.App. 154, 283 So.2d 607 (Ala.Civ.App.1973), this court held that an applicant for a zoning variance must show proof of legal or equitable ownership in the property to sustain an action before the board of adjustment or in the circuit court. Matranga involved an application for a variance made by the holder of an option to purchase the property. This was not a sufficient interest to bring the action. However, in Arant v. Board of Adjustment, *1306 271 Ala. 600, 126 So.2d 100 (1961), our supreme court held that a person who had a contract to purchase property conditioned on the grant of a variance was entitled to apply for a variance.
The county commission stated on its application for an exception that it “would lease property from the City of Mobile for the purpose of constructing a County Confinement Holding Facility on the premises.” (Emphasis added.) This language indicates that at the time the application was filed, the commission intended to lease the property but it had not entered into a contract for the lease of the city’s property.
The county points out in brief that, prior to the filing of the appeal in circuit court, the county entered into a lease agreement with the city. Moreover, the city was a party to the original application. The county argues that a party at interest was involved during all phases of the zoning exception procedure.
From the record we find that the county had no legal or equitable ownership interest in the property at the time the initial application was filed. Thus we conclude that the county had no standing to file an application with the zoning board of adjustment. Since the county was not properly before the board, it was not an “aggrieved party” for purposes of appealing the board’s decision to the circuit court. Furthermore, the city was not a party in the appeal to the circuit court.
The judgment of the trial court is reversed and the cause remanded for entry of judgment consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
WRIGHT, P.J., and HOLMES, J., concur.