CRAWLEY, Judge.
Petroleum Equipment, Inc. (“PEI”), applied to the Birmingham Zoning Board of Adjustment (the “Board”) for a front-yard and rear-yard variance on property it claimed was owned by Boca Oil Company. The property had been used for a gasoline station; the station had deteriorated, and the variances were sought for the reconstruction of the station. PEI had contracted with Boca to reconstruct the gas station. Charles L.G. Jackson, the owner of a barbershop and package store across the street from the gas station, opposed the variances. The Board granted the variances. Jackson appealed the Board’s decision to the circuit court. The case proceeded to a jury trial. Both Jackson and the Board moved for a judgment as a' matter of law (“JML”). The circuit court granted Jackson’s motion and denied the Board’s motion. The Board filed a post-trial motion, which the trial court denied. The Board appeals from the JML.
The Board argues that Jackson does not have standing to challenge the grant of the variance; Jackson contends that PEI did not have standing to apply for the variances and that the Board erred by granting a variance to an entity that was without standing. We first address the issue of PEI’s standing. Jackson did not raise the issue of PEI’s standing in the trial court; however, an issue of standing is an issue of subject-matter jurisdiction, and it does not have to be raised in the trial court to be considered by an appellate court. State v. Property at 2018 Rainbow Drive, 740 So.2d 1025 (Ala.1999). We conclude that the dispositive issue is the question of PEI’s standing to seek the variance from the Board. The Board conceded in its reply brief that PEI did not have standing to seek the variance.
This court has stated:
“In Board of Adjustment v. Matranga, Hess & Sullivan, 51 Ala.App. 154, 283 So.2d 607 (Ala.Civ.App.1973), this court held that an applicant for a zoning variance must show proof of legal or equitable ownership in the property to sustain an action before the board of adjustment or in the circuit court.”
Hudson v. Mobile County, 439 So.2d 1304 (Ala.Civ.App.1983) (holding that the county’s intention to lease property, when the county had not executed a lease at the time the application was filed, was not an interest in the property that would allow the county to seek a variance).
PEI did not own the property when it applied for the variance, and it still does not own the property. Rather, Robin Wood Properties owns the property, and it had contracted with PEI for PEI to perform improvements on the property. Because PEI has never had an interest in the property, we conclude that PEI was not a “party aggrieved,” with the meaning of Ala.Code 1975, § 11-52-81, and did not have standing to apply for the variance. Therefore, the Board erred by granting a variance to PEI. Jackson’s JML is due to be affirmed on the ground that PEI did not have standing to apply for a variance. The circuit court did not have jurisdiction to address the merits of the order granting the variance, and its comments on the grant of the variance are of no affect. AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.